PER CURIAM.
Appeal is taken from the following trial court final order, which clearly recites the facts adduced and relief obtained:
FINAL JUDGMENT
THIS CAUSE came on to be heard upon the plaintiffs’ Second Amended Complaint and the Answer thereto. The Complaint and the First Amended Complaint sought specific performance and injunction. The Second Amended Complaint, however, sought, in addition to specific performance, relief in the form of damages for the removal of the trailer by the defendant MERCEDES RIGGS. The Court having heard the testimony and having examined the proofs offered by the respective parties, and being fully advised in the premises, the. Court makes the following findings:
1. The plaintiffs, ERNEST H. MORGAN and PEARL V. MORGAN, and the defendant JIMMY N. BROWN entered into an oral contract wherein the defendant agreed to sell, and the plaintiffs agreed to buy, the property described as:
Lot 9, Tract B, Bay Point Trailer Park, First Addition, located in Government Lot's 1 and 5, Section 8, Township 67 South, Range 27 East, Saddlebunch Keys, Monroe County, Florida, as recorded in Plat Book 4, page 9, of the Public Records of Monroe County, Florida.
and that the terms of said sale were $2,000.00 down, and the balance of $23,-000.00 payable in monthly installments over a term of twenty (20) years, with interest at the rate of 10% per annum. The deferred payment was to be secured by a promissory note and first mortgage on said property.
2. That pursuant to said oral agreement, the plaintiffs gave a deposit to the defendant JIMMY N. BROWN, took possession of the premises, and made improvements.
3. The defendant JIMMY N. BROWN, in disregard of his contract, sold said premises to the defendant MERCEDES RIGGS, who, the Court finds by sworn testimony, knew of the oral contract between the defendant JIMMY N. BROWN and the plaintiffs herein, and she is not a bona fide purchaser.
4. The facts and circumstances disclosed in the testimony in this case make it clear that the defendant JIMMY N. BROWN was the wife’s agent and he was *158 empowered to act for her in agreeing to sell the house trailer on the premises to the plaintiffs.
5. That the defendant MERCEDES RIGGS has removed and sold said house trailer to a bona fide purchaser and has placed her own house trailer on said premises.
6. That plaintiffs were ready, willing, and able to close the sale of said property upon the terms of the oral contract.
7. That it is clear, certain and definite that the plaintiffs are entitled to specific performance, but specific performance of delivery of the house trailer, which has been disposed of by the said defendant MERCEDES RIGGS, cannot be accomplished, and the Court finds that it is obligated,.having properly acquired jurisdiction, to make complete adjudication of all matters presented to it involved in this cause, and should grant monetary damages against the defendant JIMMY N. BROWN for his inability to deliver said house trailer to the plaintiffs. Now, therefore, it is
ORDERED AND ADJUDGED:
a. That the defendant MERCEDES RIGGS, within thirty (30) days from the date of this Judgment, execute and deliver to Joseph Galletti, Esquire, Attorney for the defendant JIMMY N. BROWN, in escrow, a deed conveying to JIMMY N. BROWN, in fee simple, free of encumbrances, the following described property:
Lot 9, Tract B, Bay Point Trailer Park, First Addition, located in Government Lots 1 and 5, Section 8, Township 67 South, Range 27 East, Saddlebunch Keys, Monroe County, Florida, as recorded in Plat Book 4, page 9, of the Public Records of Monroe County, Florida.
b. That the defendant MERCEDES RIGGS, within thirty (30) days from the date of this Judgment, shall cause to be removed the house trailer which she placed on the above described property.
c. That the defendant JIMMY N. BROWN, within thirty (30) days from the date of this Judgment, execute and deliver to the plaintiffs’ attorney, in escrow, a Warranty Deed conveying to the plaintiffs in fee simple, free of encumbrances, the following described property:
Lot 9, Tract B, Bay Point Trailer Park, First Addition, located in Government Lots 1 and 5, Section 8, Township 67 South, Range 27 East, Saddlebunch Keys, Monroe County, Florida, as recorded in Plat Book 4, page 9, of the Public Records of Monroe County, Florida.
d. That the defendant JIMMY N. BROWN deliver to the plaintiffs, within thirty-five (35) days from the date of this Judgment, a continuation of the Abstract from the time he acquired the title to said property, and deliver same to the plaintiffs’ attorney so he may determine the marketability of said title, and plaintiffs’ attorney be allowed twenty (20) days from the date of delivery in which to examine said continuation of Abstract for the purpose of determining whether said title is marketable and insurable. If the title to said property shall be at that time unmarketable or uninsurable, the parties to this suit may apply to this Court for a reasonable extension of time for the purpose of perfecting said title.
e. If, on examination of said continuation of Abstract, said title is determined to be good and marketable and/or insurable, the plaintiffs shall forthwith pay over to the defendant JIMMY N. BROWN the consideration required under said oral contract and deliver a properly executed promissory note and mortgage on said property as agreed upon, and said transaction shall be closed under the provisions of said oral agreement, and the parties shall pay for the recording of said instruments in accordance with the normal custom in Monroe County, Florida.
f. That the plaintiffs recover from the defendant JIMMY N. BROWN the sum of Thirty-five Hundred Dollars ($3500.00) for his inability to deliver the house trailer to be sold to the plaintiffs, for which let execution issue.
*159 g. That the costs of these proceedings shall be taxed against the defendants JIMMY N. BROWN and MERCEDES RIGGS upon submitting an affidavit of such costs and upon being approved by the Court.
h. The parties to this cause may apply periodically for such further instructions and relief as may be equitable and proper.
DONE AND ORDERED in Chambers at Key West, Monroe County, Florida, this 21st day of March, 1980.
M. Ignatius Lester
CIRCUIT JUDGE
We have reviewed appellant’s contentions with regard to the order set out above, and find them to be without merit. We therefore affirm that order in all aspects.
Affirmed.